**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Jason Richard MORGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 2011.
Filed Feb. 21, 2012.

Donna M. DeVita, Scranton, for appellant.

Andrew J. Jarbola, III, Assistant District Attorney and Lisa A. Swift, Assistant District Attorney, Scranton, for Commonwealth, appellee.

BEFORE: BOWES, GANTMAN, and LAZARUS, JJ.

OPINION BY BOWES, J.:

Rather than follow a prior order of this Court to file either an advocate's brief or a petition to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009), appointed counsel herein has submitted a *pro se* brief wholly prepared by Appellant, Jason Richard Morgan. Counsel filed the *pro se* brief because she was instructed to do so by Appellant. We remand the record and direct counsel to comply with our previous order.

On April 25, 2008, Appellant was charged with seventeen offenses arising from a home invasion that he and an unidentified juvenile accomplice committed on April 23, 2008, in Taylor, Pennsylvania. On December 8, 2008, Appellant pled guilty to five offenses, and the remaining counts were *nol prossed*. On March 23, 2009, he was sentenced to 169 to 362 months incarceration.

Appellant filed this direct appeal *pro se*. He thereafter filed a motion with this Court requesting the appointment of counsel and averring that he was indigent while the Commonwealth countered that the appeal was untimely. On March 15, 2011, we remanded this matter for the appointment of counsel, *see Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and for the conduct of a hearing to determine whether the appeal was timely

pursuant to the prisoner mailbox rule. We retained jurisdiction.

The trial court thereafter appointed present counsel, and the Commonwealth stipulated that the appeal was timely. The record was then returned to this Court. On October 7, 2011, we again remanded the record and retained jurisdiction in an order that provided in relevant part: "[Appointed counsel] is hereby ordered to file either an advocate's brief or a petition to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967), and *Commonwealth v. Santiago* [602 Pa. 159], 978 A.2d 349 (2009), with this Court within forty-five days after remand of the record." Order of Court, 10/7/11, at 1.

Appellate counsel did not prepare either type of brief. Instead, she submitted a *pro se* brief prepared by Appellant that Appellant "directed that court appointed counsel ... submit on his behalf." Appellant's brief at unnumbered page 1. It is well established in this Commonwealth that a defendant is not entitled to hybrid representation. *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137, 1139 (1993) ("there is no constitutional right to hybrid representation either at trial or on appeal"); *accord Commonwealth v. Jette*, 23 A.3d 1032 (Pa.2011). Appellant, having specifically requested the assistance of counsel for purposes of this appeal, may not now demand that counsel file a brief that he has prepared *pro se*.

On the other hand, Appellant is entitled both to counsel and to the effective assistance of counsel in this direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In that connection, "the attorney need not advance **every** argument, regardless of merit, urged by the appellant," but "the attorney must be available to assist in preparing

and submitting a brief to the appellate court, and **must play the role of an active advocate,** rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim." *Id.* at 394, 105 S.Ct. 830 (first emphasis in original; second emphasis added).

Accordingly, while appellate counsel herein is not required to present each issue that Appellant asks her to raise, she cannot abrogate her duty to be an active advocate by simply submitting Appellant's *pro se* brief prepared without any input from her. If counsel, after proper review, concludes that the appeal is wholly frivolous, counsel must follow the dictates of *Anders/Santiago.* Counsel is thus again directed to file with this Court within forty-five days after remand of the record either an advocate's brief or a petition to withdraw and brief pursuant to *Anders/Santiago.* The Commonwealth shall have thirty days thereafter to file a responsive brief.

Record remanded. Panel jurisdiction retained.