**NNN 1818 Market Street LLC v. Kogan, Trichon & Wertheimer P.C.**

182

*Kierstin M. Lange*, for plaintiffs.
*Timothy P. Creech* and *Agostino Cammisa*, for

defendant.

MCINERNEY, *J.*, Nov. 25, 2014—The motion for summary judgment requires this court to determine whether the landlord of a commercial property breached its duty of good faith and fair dealing toward tenant by allegedly withholding consent to sublease the premises, and by failing to negotiate a lease extension. The motion also requires this court to determine whether tenant breached the commercial lease agreements by vacating the premises before expiration of the lease period, and by failing to pay rents thereafter. For the reasons below, landlord did not breach its duty of good faith and fair dealing, whereas tenant did breach the lease agreements.

## Background

Plaintiffs NNN 1818 Market Street, LLC et al. ("Landlord"), are Delaware entities that own commercial real estate located at 1818 Market Street, in Philadelphia, Pennsylvania. Defendant Kogan, Trichon & Wertheimer, P.C. ("Tenant"), is a Pennsylvania law firm with an address in Philadelphia, Pennsylvania. The law firm of Marion, Saltzberg, Trichon, Kogan & Wertheimer, P.C. ("MSTK&W"), a non-party in this action, was at all times relevant hereto a predecessor-in-interest of KT&W as a leasehold tenant.

On June 23, 1999, Landlord or its predecessor-in-interest entered into a lease agreement (the "lease agreement"), with MSTK&W. Pursuant to the lease agreement, MSTK&W rented 10,691 square feet of Landlord's office space situated on the 30th floor of the property.[1] During the term of the lease, possibly between the years 2000-2003,

---

1. Office Lease, ¶ 2.1, Exhibit C to the motion for summary judgment of Landlord,

defendant KT&W succeeded to MSTK&W as Tenant.[2] Also, the Lease Agreement contained an acceleration clause which stated:

> If Landlord shall not elect to terminate this Lease [upon default by Tenant]...Tenant shall be and remain liable to Landlord in an amount computed as follows: (a) an amount equal to the sum of all Rent then in arrears plus the aggregate of all Rent which is payable under this lease for the balance of the Term, computed as if no event of default had occurred....[3]

On August 19, 2009, Landlord and KT&W, as successor-in-interest to MSTK&W, executed a "first amendment to the lease." Whenever required, the lease agreement and the first amendment to the lease shall be identified as the "lease documents." Under the first amendment to the lease, tenant's new leasehold was set for a period of ten years, beginning on December 1, 2009 and ending on November 30, 2019.[4] During the term of the new leasehold, Tenant subleased between thirteen and fifteen offices to a number of sub-lessees.[5] Tenant however was not able to fully sublease all of its unused office space.

In 2010, a shareholder of KT&W retired, another shareholder announced his upcoming retirement, and KT&W lost a major client which accounted for a sizable amount of its business. Facing a significant decline in

---

2. Deposition of Martin Trichon, Esquire, on behalf of defendant KT&W, Exhibit E to the motion for summary judgment of Landlord, pp.22-23.

3. Lease Agreement, ¶17.3.1, attached as Exhibit C. to the motion for summary judgment of Landlord.

4. First Amendment to the Lease, ¶ 2, Exhibit D to the motion for summary judgment of Landlord.

5. Deposition of Martin Trichon, Esquire, on behalf of defendant KT&W, Exhibit E to the motion for summary judgment of Landlord, pp. 24-27.

revenues, KT&W decreased its operations, terminated a number of employees, and was left with rented space far in excess of its new financial circumstances.[6] In September 2012, Mr. Martin Trichon, Esquire ("Trichon"), on behalf of tenant, began negotiations with landlord in an attempt to reduce tenant's leased square footage. According to Trichon, the reduction was necessary because under the existing arrangement, there "was far more space than [tenant] would ever need."[7] Trichon also informed landlord that if the negotiations failed, KT&W "would not remain as tenants."[8] The negotiations broke down in the early part of 2013: no agreement was ever reached.

On June 19, 2013, landlord commenced the instant action against tenant; on September 6, 2013, landlord filed its third amended complaint which asserts the claims of breach of contract and accelerated rent. In the course of the instant litigation, tenant has admitted that it vacated the premises in April 2013, and has failed to pay rent since May 2013.[9] In addition, tenant has admitted that the parties never entered into a new agreement supplanting the existing lease documents.[10] On August 18, 2014, landlord filed the instant motion for summary judgment; on September 24, 2014, tenant filed a response in opposition thereto. The motion is now ripe for a decision.

## Discussion

6. *Id.* Pp. 29, 33.

7. Affidavit of Martin Trichon, Esquire, ¶ 5, attached as Exhibit A to the response in opposition of Tenant to the motion for summary judgment of Landlord.

8. *Id.* ¶ 6.

9. Tenant's answer to the Third Amended Complaint, ¶ 7; responses to Landlord's request for admissions, ¶¶ 5-15, 21, Exhibit F to the motion for summary judgment of Landlord.

10. Tenant's responses to Landlord's request for admissions, ¶ 49, Exhibit F to the motion for summary judgment of Landlord.

The Pennsylvania Rules of Civil Procedure allow disposition of a case on summary judgment only where the record demonstrates an absence of factual questions material to the elements of the disputed causes of action.[11]

Under the Rules, a motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. For purposes of summary judgment, the record includes any pleadings, interrogatory answers, depositions, admissions, and affidavits.[12]

I. Tenant breached the terms contained in the Lease Documents.

In the motion for summary judgment, Landlord asserts that no questions of fact exist as to prevent entry of judgment in its favor. Landlord notes that tenant has admitted vacating the leased premises in April 2013 and failing to pay rent since May 2103.

In Pennsylvania, to successfully maintain a cause of action for breach of contract, the plaintiff must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages."[13] In this case, landlord and tenant engaged in a business relationship under the terms of the above-mentioned lease documents; moreover, Tenant has admitted that the parties never entered into a new agreement supplanting the existing agreements

11. *Shipley Fuels Mktg., LLC v. Medrow*, 2012 Pa. Super. 37 A.3d 1215, 1217 (Pa. Super. 2012).

12. *Scalice v. Pennsylvania Employees Benefit Trust Fund*, 584 Pa. 161, 171, 883 A.2d 429, 435 (Pa. Super. 2005).

13. *McShea v. City of Philadelphia*, 606 Pa. 88, 97, 995 A.2d 334, 340 (Pa. 2010).

as embodied by the lease documents. This evidence demonstrates the existence of a contract between landlord and tenant, and landlord has satisfied the first requirement necessary to maintain the claim of breach of contract.

Plaintiff has also established a breach of tenant's duties under the contract. Specifically, the lease documents states in pertinent part that —

> [t]he term of the Lease is hereby extended for a period of one hundred twenty (120) months ... commencing on December 1, 2009 ... and continuing until... November 30, 2019.[14]

> The occurrence of any one of the following shall constitute an "event of default" ...

> Tenant does not pay in full when due any installment of rent or any other charge or payment... and such failure to pay is not cured within ten (10) days following tenant's receipt of notice from landlord...[15]

This language shows that tenant owed a duty to make timely rent payments and to remain in possession of the leased premises until November 30, 2019. Tenant, however, has admitted vacating the leased premises in April 2013, and stopping rent payments since May of that year. Tenant explains this conduct by asserting that when its revenues fell, landlord unreasonably withheld consent to sublease the premises as contemplated under the lease documents.[16] Specifically, tenant asserts that

---

14. First Amendment to the Lease, ¶ 2, attached as Exhibit C to the motion for summary judgment of Landlord.

15. Office Lease, ¶ 17.1-17.1.1 attached as Exhibit C to the motion for summary judgment of Landlord.

16. Memorandum of law filed by Tenant in opposition to the motion for summary judgment of Landlord, IV. B., p. 9. Paragraph 12.11 of the Lease Agreement states: "Landlord's consent to any proposed sublease

landlord breached a duty owed to tenant to negotiate in good faith the possibility of subleasing a portion of the leased premises, which subleasing would have resulted in a mitigation of landlord's damages.[17]

In Pennsylvania, "every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement.... Good faith has been defined as honesty in fact in the conduct or transaction concerned."[18] In this case, tenant has pointed to no evidence showing that a third party was willing to sublease a portion of the premises, or that landlord undermined any efforts to secure a new sublease or assignment. In addition, tenant has asserted in its answer with new matter to the third amended complaint that landlord breached a duty of good faith and fair dealing by failing to negotiate an extension of the lease period — an extension which would have resulted in landlord's mitigation of its damage through recovery of "most, all, or even more money than it would have received under the amended lease."[19] However, at this stage of the litigation, tenant has offered no proof that an extension of the lease period would have enabled landlord to recoup "most, all, or even more money than it would have received under the amended lease." Thus, tenant has not shown that landlord breached its duty of good faith and fair dealing under the lease documents; instead, landlord has established the existence of a contract, tenant's duties thereunder, and a breach thereof. For these reasons, the court grants the motion for summary judgment of landlord.

The court shall issue a simultaneous order consistent

---

or assignment shall not be unreasonably withheld...."

17. *Id.*

18. *Donahue v. Fed. Exp. Corp.*, 2000 Pa. Super. 146, 753 A.2d 238, 242 (Pa. Super. 2000).

19. New Matter, ¶¶ 28-31.

with this memorandum opinion.

## ORDER

And now, this 25 day of November, 2014, upon consideration of the motion for summary judgment of plaintiffs, the response in opposition of defendant, and the respective memoranda of law, it is ordered that the motion is granted and judgment is entered in favor of plaintiffs and against defendant. The amount of judgment against defendant shall include all due, unpaid monthly rents from May 2014, plus accelerated rent through the remainder of the lease term, plus interest, fees and costs, as required under the terms of the lease agreement and subsequent amendment to the lease.