J-S33027-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SOPHANA SOVANN, | : | |
| | : | |
| Appellant | : | No. 1230 EDA 2014 |

Appeal from the PCRA Order April 4, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0012793-2008

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JULY 23, 2015**

Sophana Sovann ("Sovann") appeals pro se from the order entered on April 4, 2014 by the Philadelphia County Court of Common Pleas, Criminal Division, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we remand for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) to determine if Sovann desires to proceed pro se, and if he does not, the appointment of new counsel.

This case presents a procedural quagmire resulting from the repeated appointment and disappearance of PCRA counsel.  On January 14, 2010, a jury found Sovann guilty of third-degree murder, criminal conspiracy, and firearms not to be carried without a license.[1]  On March 26, 2010, the trial

---

[1]  18 Pa.C.S.A. §§ 2502(c), 903(a)(1), 6106(a)(1).

court sentenced Sovann to a cumulative sentence of thirty to sixty years of incarceration. On April 26, 2010, Sovann filed a timely counseled notice of appeal. Subsequently, on September 1, 2010, while represented by counsel, Sovann filed a pro se PCRA petition and the PCRA court deferred consideration of that petition pending the outcome of his direct appeal. On September 14, 2011, the Superior Court of Pennsylvania affirmed Sovann's judgment of sentence. On March 27, 2012, the Supreme Court of Pennsylvania denied his petition for allowance of appeal. In the meantime, on October 4, 2011, the PCRA court appointed Lee Mandell ("Attorney Mandell") to represent Sovann throughout his PCRA proceedings.

On April 5, 2012, following the disposition of Sovann's direct appeal, the PCRA court appointed Joseph Scott O'Keefe ("Attorney O'Keefe") to represent Sovann. It is unclear from the certified record what happened to Attorney Mandell. On June 12, 2012, Sovann filed a pro se amended PCRA petition and on June 22, 2012, Attorney O'Keefe filed a counseled amended PCRA petition on behalf of Sovann. On July 12, 2012, the PCRA court permitted Attorney O'Keefe to withdraw, though it is unclear from the record why the PCRA court permitted Attorney O'Keefe to withdraw. On July 17, 2012, the PCRA court appointed Barnaby Wittels ("Attorney Wittels") to represent Sovann.

On July 11, 2013, the Commonwealth filed a motion to dismiss Sovann's PCRA petition. On November 8, 2013, the PCRA court issued

notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure advising Sovann that the PCRA court found his PCRA petition to be without merit. The PCRA court sent the Rule 907 notice to Attorney Wittels. On November 25, 2013, Sovann filed a pro se response to the PCRA court's Rule 907 notice. On April 4, 2014, the PCRA court formally dismissed Sovann's PCRA petition. That same day, Sovann, pro se, filed this timely appeal. Once again, it is unclear what happened to Attorney Wittels and why he did not file a response to the Rule 907 notice or notice of appeal on behalf of Sovann. Both Sovann's and the Commonwealth's briefs indicate that upon dismissing Sovann's PCRA petition, the PCRA court permitted Attorney Wittels to withdraw. *See* Sovann's Brief at 8; Commonwealth's Brief at 7. However, based upon our review, there is no indication in the record that the PCRA court permitted Attorney Wittels to withdraw.

On May 12, 2014, the PCRA court ordered Sovann to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On May 21, 2014, Sovann filed a pro se Rule 1925(b) statement. On July 1, 2014, after Sovann filed his pro se notice of appeal and pro se Rule 1925(b) statement, the PCRA court appointed Todd Michael Mosser ("Attorney Mosser") to represent Sovann. On August 29, 2014, following an extension, Attorney Mosser filed a counseled Rule 1925(b) statement on behalf of Sovann. On December 2, 2014, Sovann filed a pro se brief with this Court on appeal. Yet again, it is

unclear why Attorney Mosser did not submit either an advocate's brief on Sovann's behalf or a petition to withdraw as counsel because there is no evidence of record indicating that the PCRA court permitted Attorney Mosser to withdraw.

This case reflects several missteps on the part of the Philadelphia County Court of Common Pleas, the several appointed attorneys in this case, and this Court. First, the PCRA court repeatedly allowed the attorneys who were representing Sovann to apparently abandon him. The PCRA Court only granted Attorney O'Keefe formal permission to withdraw. None of Sovann's other attorneys received permission to withdraw. A defendant, for a first PCRA petition, is "entitled to a counseled amended petition and representation before the PCRA court" as well as counsel on appeal. ***Commonwealth v. Figueroa***, 29 A.3d 1177, 1182 (Pa. Super. 2011). Rule 904(F)(2) of the Pennsylvania Rules of Criminal Procedure specifically states that "[w]hen counsel is appointed … the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2). Rule 120(B)(1) further states that "[c]ounsel for a defendant may not withdraw his or her appearance except by leave of court." Pa.R.Crim.P. 120(B)(1).

Second, the record contains several pro se filings in the PCRA court that Sovann filed at times when he was represented by counsel. "It is well

established in this Commonwealth that a defendant is not entitled to hybrid representation." **_Commonwealth v. Morgan_**, 39 A.3d 419, 420 (Pa. Super. 2012). Rule 576(A)(4) of the Pennsylvania Rules of Criminal Procedure provides:

> (4) In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576(A)(4).

The Clerk of Courts of Philadelphia County did not fully comply with the procedure set forth in Rule 576(A)(4) when Sovann filed his pro se response to the PCRA court's Rule 907 notice, his pro se notice of appeal, or his pro se Rule 1925(b) statement. Specifically, while the Clerk of Courts properly docketed each of those pro se filings, there is no indication that the Clerk of Courts forwarded them to the counsel of record at the time of the filings so that they could take action on those documents. This is especially true in the case of the pro se response to the Rule 907 notice and the pro se notice of appeal. Attorney Wittels, who was counsel of record when Sovann filed both documents, did nothing on Sovann's behalf. Attorney Mosser did file a counseled Rule 1925(b) statement on Sovann's behalf, however, the

record does not reveal whether he received Sovann's pro se Rule 1925(b) statement.

Third, because there is no indication that the PCRA court permitted Attorney Mosser to withdraw from representation, this Court should not have accepted for filing Sovann's pro se appellate brief. Rule 3304 of the Pennsylvania Rules of Appellate Procedure, which governs hybrid representation, provides that "[w]here a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record." Pa.R.A.P. 3304; *see also* *Commonwealth v. Jette*, 23 A.3d 1032, 1041 (Pa. 2011) ("[W]henever a defendant is represented by an attorney and the defendant files a pro se motion with the court, the filing will not be docketed and will be forwarded to counsel for his consideration."). Therefore, pursuant to Rule 3304 and *Jette*, this Court should have forwarded Sovann's pro se brief to Attorney Mosser, which did not occur.

Given the confusion resulting from the misapplication of the rules of appellate and criminal procedure in this case and the abject failure of Attorney Mosser to take any action in this Court on behalf of his client, we remand this case for a *Grazier*[2] hearing, to be held within 30 days of the

---

[2] "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the

- 6 -

date of this order, to determine whether Sovann wishes to proceed in this appeal pro se. We emphasize, however, that because this is Sovann's first PCRA petition, he is entitled to counsel. *See Figueroa*, 29 A.3d at 1182. We order the PCRA court to immediately inform this Court if Sovann is allowed to proceed pro se. In that event, we will decide the appeal on the filed briefs.

If Sovann is to be represented by counsel, we order the PCRA court to appoint him new counsel. In that event, once appointed, Sovann's new counsel must, within thirty days of the date of his or her appointment, file either an advocate's brief on Sovann's behalf or a petition to withdraw and corresponding no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc) if he or she believes there is no merit to Sovann's appeal.[3] The Commonwealth shall then have thirty days from the date Sovann's new counsel files either an advocate's brief or a petition to withdraw and no-merit letter to file a response. Additionally, should Sovann's new counsel file a petition to withdraw and no-merit letter, Sovann

---

waiver is a knowing, intelligent, and voluntary one." *Grazier*, 713 A.2d at 82.

[3] Should new counsel choose to file a petition to withdraw and no-merit letter, we remind him that he must fully comply with the *Turner/Finley* mandates in order to be permitted to withdraw. *See, e.g.*, *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

shall then have thirty days from the date of the filing of those documents to file his own pro se response.

Case remanded. Panel jurisdiction retained.

Lazarus, J. joins the Memorandum.

Ford Elliott, P.J.E. files a Concurring Memorandum Statement in which Lazarus, J. joins.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2015