J-S76011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY C. ROSER | : | |
| | : | No. 2550 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order July 24, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002577-2014

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED MARCH 28, 2018**

Harry C. Roser is serving a 2½ to 5 year sentence for his seventh DUI conviction.[1] At issue in this *pro se* appeal is Roser's second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which he concedes is untimely.[2] We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

[1] For a background of this case, we refer the interested reader to **Commonwealth v. Roser**, No. 1533 EDA 2016 (Pa. Super., filed 2/14/17) (unpublished memorandum). Briefly, Roser was on probation for his prior DUI when the police pulled him "over for driving onto a cement median, endangering the safety of emergency personnel responding to a fatal accident, and almost striking a police officer." **Id**., at 1-2. His blood alcohol registered an astonishing 0.300%.

[2] The trial court imposed the judgment of sentence on June 17, 2015. Roser did not file a direct appeal. Thus, the judgment of sentence became final on July 17, 2015. Roser filed the petition at issue on May 17, 2017—one year and ten months after his judgment of sentence became final.

The timing of a petition "is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." *Commonwealth v. Whitney*, 817 A.2d 473, 478 (Pa. 2003) (citations omitted). A second petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented[,]" 42 Pa.C.S.A. § 9545(b)(2), and exceptions to the PCRA's time bar must be pled in the petition, *see Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

In his second petition and in an authorized amendment thereto, Roser advances two claims challenging the legality of his sentence. In the second petition, he alleges the court imposed an illegal sentence that relied on "improper factors." In the amendment, he asserts the court imposed an illegal sentence by not ordering a drug and alcohol assessment pursuant to 75 Pa.C.S.A. § 3814. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) (citations and brackets omitted).

He does not specifically plead a timeliness exception in either his second petition or the amendment. In his convoluted, rambling filings, we can discern two contentions.

First, he alleges the ineffective assistance of counsel who represented him in his first PCRA proceeding—that he brought both of these claims to counsel's attention, but the attorney failed to pursue them. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

Second, he claims the PCRA court did not grant *him* permission to amend his first PCRA to include these two claims.[3] Counsel represented Roser when Roser filed the *pro se* motions to amend. "[A] defendant is not entitled to hybrid representation." ***Commonwealth v. Morgan***, 39 A.3d 419, 420 (Pa. Super. 2012) (citations omitted). A review of the docket entries reveals the lower court prothonotary properly docketed Roser's *pro se* filings and forwarded copies to counsel. ***See Commonwealth v. Padilla***, 80 A.3d 1238, 1258 (Pa. 2013).

Since Roser's second PCRA petition is untimely and since he did not argue the applicability of any of the statutory exceptions to the one-year time-bar, we, like the PCRA court, are without jurisdiction.

Order affirmed.

---

[3] The record readily reveals Roser is a prolific *pro se* filer. He takes a "more is more" approach that seldom benefits the *pro se* litigant.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/18