J-S10002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAYMON GREGORY | : | |
| | : | |
| Appellant | : | No. 227 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 2, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0004818-2019

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 26, 2023**

Daymon Gregory appeals from the judgment of sentence imposed after a jury convicted him on various charges stemming from a series of controlled buys of cocaine and fentanyl by Upper Darby police. On appeal, Gregory claims the court erred in allowing the Commonwealth to present PennDOT records at trial that it did not disclose during discovery, challenges the weight and sufficiency of the evidence supporting his convictions, and argues the sentence of 13 to 26 years' incarceration followed by 8 years' probation was excessive and unreasonable. After careful review, we vacate Gregory's sentence for receiving stolen property and affirm in all other aspects.

At trial, the Commonwealth presented evidence Upper Darby police had received information that an individual was selling narcotics in the area of an Upper Darby residence. Based on that information, an undercover officer bought narcotics, including cocaine and fentanyl, from Gregory on three

separate occasions. Shortly after the third transaction, police arrested Gregory and executed a search warrant on the Upper Darby residence using a key found on Gregory when he was arrested. During the search, police seized cocaine, fentanyl, methamphetamine, and several firearms, as well as assorted drug paraphernalia associated with drug dealing.

The jury convicted Gregory of five counts of possession with the intent to deliver ("PWID") cocaine, three counts of PWID fentanyl, one count of PWID methamphetamine, two counts of illegal possession of a firearm, one count of receiving a stolen firearm, and four counts of criminal use of a communication facility. As noted, the court imposed an aggregated sentence of 13 to 26 years in prison, followed by an eight-year period of probation. With some intervening procedural irregularities that will be set forth in more detail below, Gregory then filed this appeal.

Before addressing Gregory's claims, we will address the timeliness of the appeal. The trial court's Pa.R.A.P. 1925(a) Opinion requests we quash this appeal as untimely. **See** Trial Court Opinion, 4/29/22 at 1. Following Gregory's sentencing, counsel filed a post-sentence motion on December 10, 2021. **See id**. at *2. While the motion was pending, Gregory filed a *pro se* Notice of Appeal on January 11, 2022. **See id**. The trial court reasons that Gregory's *pro se* Notice of Appeal is an example of hybrid representation which he is not entitled to and could cause confusion in this Court. **See id**. at *3. Additionally, the trial court finds this appeal to be premature, as it was filed while the post-

sentence motions were pending and therefore the judgment of sentence was not yet final. *See id*. at *4.

The trial court is correct insofar as it notes that Gregory is not entitled to hybrid representation. *See Commonwealth v. Morgan*, 39 A.3d 419, 420 (Pa. Super. 2012). However, as the Commonwealth and Gregory both argue, a Notice of Appeal is an exception to the general rule against hybrid representation and a Notice of Appeal filed during the pendency of post-sentence motions is treated as properly filed upon the resolution of the motions. *See Commonwealth v. Cooper*, 27 A.3d 994, 1008 (Pa. 2011). As such, Gregory's premature *pro se* appeal was perfected when his counseled post-sentence motions were denied and the judgment of sentence became final. *See* Pa.R.A.P. 905(a)(5). We decline to quash and will review the merits of this appeal.

On appeal, Gregory raises four claims of trial court error: (1) the court erred in permitting the Commonwealth to present to the jury certain government records that were not disclosed during discovery, (2) the evidence presented at trial was insufficient to support his conviction for receiving stolen property, (3) the trial court erred in concluding his convictions were not against the weight of the evidence, and (4) the trial court imposed an excessive and unreasonable sentence. *See* Appellant's Brief, at 9-10.

Gregory first argues that Pennsylvania Department of Transportation ("PennDOT") records introduced at trial violated the rules of discovery. *See* Appellant's Brief, at 29. On the second day of trial the Commonwealth recalled

Officer Barbour to enter two documents into evidence: Gregory's driver's license record and driving history. Both listed his address as the residence searched by police and where drugs, firearms, and other evidence were seized. *See* N.T., 9/24/21, at 3-5. Counsel objected to the documents on the basis that they amounted to trial by surprise and knowledge of them would have affected his trial strategy and opening statement. *See id*. at 6. The trial court reasoned that the late introduction of the documents did not violate discovery rules, as they were materials that Gregory knew existed. *See id*. at 9. Further, the trial court determined that one of the documents, containing a twenty-year-old photo of Gregory, should be excluded based on relevance but ruled the driving history, linking Gregory to the address of the residence, was admissible. *See id*. at 16-17.

We review the trial court's conclusion that the Commonwealth did not violate the discovery rules for an abuse of discretion. *See Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa. Super. 2017). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. LeClair*, 236 A.3d 71, 78 (Pa. Super. 2020) (citations omitted).

Discovery in criminal cases is governed by Pa.R.Crim.P. 573 which provides a list of items which the Commonwealth must provide if the defendant requests it. *See* Pa.R.Crim.P. 573(B)(1). Notably, the rule also

- 4 -

contains a continuing duty which allows, "[i]f, prior to or during trial, either party discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule, … such party shall promptly notify the opposing party …". **See** Pa.R.Crim.P. 573(D).

Gregory argues that the PennDOT records are subject to mandatory disclosure. **See** Appellant's Brief, at 31. The Commonwealth disputes this claim, citing Gregory's equal access to, and knowledge of, the information contained in the records, as well as his failure to request discovery. **See** Commonwealth's Brief, at 20-22. We do not find that this argument turns on whether the document was subject to mandatory disclosure because it was in fact disclosed when it was discovered, pursuant to Pa.R.Crim.P. 573(D). While Gregory forcefully argues that the Commonwealth was required to disclose these records pre-trial, he concedes the Commonwealth did not possess them until after the first day of trial. **See** Appellant's Brief, at 35-36.[1] Therefore, we find no abuse of discretion in the trial court's finding that the lateness of the disclosure did not violate the rules of discovery.

Gregory's next argument is that the evidence was insufficient to sustain his conviction for receiving stolen property under 18 Pa.C.S.A. § 3925(a).

---

[1] Gregory also presents a one-sentence argument that "[o]nce the jury has been selected, the time for investigation into evidence to present in the Commonwealth's case-in-chief is over, and the Commonwealth may not ambush a defendant with new documents." Appellant's Brief, at 37. He does not provide any authority for this novel argument, and we therefore conclude he has waived this argument by failing to develop it properly.

When we review the sufficiency of the evidence, we view the evidence admitted at trial and make any reasonable inferences from it in favor of the Commonwealth and decide whether it was sufficient to prove each element of the offense beyond a reasonable doubt. *See Commonwealth v. Steele,* 234 A.3d 840, 845 (Pa.Super. 2020). We do not re-weigh the evidence, that duty lies within the province of the factfinder. *See id*.

Gregory's argument relies heavily on *Commonwealth v. Robinson*, 128 A.3d 261 (Pa. Super. 2015) (*en banc*). In *Robinson*, this Court held the evidence was insufficient to sustain a conviction for receiving stolen property when there was no evidence to show the defendant had guilty knowledge that the property, a firearm, was stolen. *See id*. at 272. This Court has identified the elements of receiving stolen property to be: "(1) intentionally acquiring possession of the movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive permanently." *See id*. at 265 (citations omitted). The mental state required to complete this crime is referred to as "guilty knowledge" and cannot be satisfied by mere recklessness or negligence. *See id*. This required guilty knowledge may be inferred by the jury based on circumstantial evidence. *See id.* In *Robinson*, we confirmed that unexplained possession of a stolen firearm, without more evidence, is not sufficient to prove the guilty knowledge element of the crime. *See id*. at 269.

In this case, the trial court provided no analysis, simply requesting we quash the appeal. Similarly, the Commonwealth simply relies on the

stipulation that the firearm was stolen and hidden. *See* Commonwealth's Brief, at 28. Gregory claims a lack of the required guilty knowledge" to sustain a conviction for receiving stolen property. *See* Appellant's Brief, at 39. After a review of the record, it is clear there was no evidence introduced regarding Gregory's knowledge of the stolen nature of the firearm. The parties stipulated to the fact that the firearm was stolen and had been reported stolen approximately three years prior to the seizure in this case. *See* N.T., 9/23/21, at 92. The only other information about the firearm was that it was found behind the fireplace mantel in the bedroom of Gregory's home with another firearm. *See id*. at 53-56.

The Commonwealth argues the fact that the firearm was hidden behind the mantel was sufficient to infer Gregory's guilty knowledge. However, the Commonwealth fails to acknowledge the presence of a separate firearm at the same location. There is no evidence or argument that the separate firearm was stolen. Therefore, the fact that the stolen firearm was hidden with another firearm, which the Commonwealth did not contend was stolen, provides no basis upon which to reasonably infer guilty knowledge. In the absence of any other circumstantial evidence indicating guilty knowledge requires a conclusion the evidence was insufficient to support the conviction.

Accordingly, we vacate the judgment of sentence on the conviction of receiving stolen property, 18 Pa.C.S.A. § 3925(a). This decision does not disrupt the trial court's sentencing scheme, as the sentence for this charge was ordered to run concurrently with other sentences, and therefore we need

not remand for resentencing. *See Commonwealth v. Melvin*, 103 A.3d 1, 57 (Pa. Super. 2014).

Gregory's third argument is that the verdict was against the weight of the evidence. *See* Appellant's Brief, at 39. Our review of a weight of the evidence claim is limited to whether the trial court abused its discretion in ruling on the issue. *See Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super 2012). We do not alter a trial court's decision on a weight claim lightly as we are not empowered to make decisions regarding contradictions in testimony even if we believe a different outcome is possible. *See id*.

Gregory argues that since Officer Barbour's uncorroborated testimony was the basis for the PWID cocaine and fentanyl charges and provided the basis for the search of the residence, the verdict was against the weight of the evidence. *See* Appellant's Brief, at 39-40. Specifically, Gregory mentions the fact that he was arrested with only two dollars on his person makes Officer Barbour's testimony non-credible and that the physical evidence found in the house was only tenuously linked to him. *See id*.

We do not have the benefit of the trial court's explicit reasoning for why it rejected Gregory's challenge to the weight of the evidence. Nonetheless, we can find no reason to conclude the court abused its discretion in doing so. As the Commonwealth notes, the crux of Gregory's argument is a challenge to Officer Barbour's credibility. While Gregory highlights legitimate credibility issues, we note that defense counsel ensured that these credibility issues were presented to the jury. And these issues are certainly not so impactful as to

require us to rule, as a matter of law, that the jury was unreasonable in finding Officer Barbour credible. We therefore find no abuse of discretion in the trial court's denial of Gregory's request for a new trial.

Gregory's final claim is a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief, at 19. Gregory has no absolute right to a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408, 411 (Pa. Super. 2005). He is required to make a statement in his brief of the reasons we should allow an appeal of the discretionary aspects of his sentence. *See id*. He must also show that a substantial question exists as to whether the sentence complies with the Sentencing Code. *See id*.

Gregory has complied with these requirements. He included his statement for reasons to allow an appeal challenging the discretionary aspects of sentencing in his brief pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief, at 19-21. Gregory claims that the court did not provide reasons for the sentence on the record, instead focusing only on prior record and the gravity of the offenses. *See* Appellant's Brief, at 41. These claims constitute substantial questions. *See Commonwealth v. Ritchey*, 779 A.2d 1183, 1186 (Pa. Super. 2001). We therefore turn to the merits of Gregory's sentencing claim.

The details of a sentence are left to the discretion of the sentencing judge and we will only disturb them if we find an abuse of discretion. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007). When

reviewing a sentence we will vacate when we find the sentencing guidelines were applied incorrectly, applying the sentencing guidelines is unreasonable for the case, or a sentence outside the guidelines is unreasonable. *See Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012). When fashioning a sentence, a trial court must consider the character of the defendant and the specific circumstances of the offenses which includes considering prior record score, age, and rehabilitative potential. *See Commonwealth v. Bowens*, 265 A.3d 730, 764 (Pa. Super. 2021).

The basis of Gregory's argument is that the sentencing court did not state any reasons for imposing the sentence. *See* Appellant's Brief, at 42. The record belies this assertion. The sentencing hearing included discussion of the sentencing guidelines, *see* N.T., 12/2/21, at 3-4, Gregory's criminal record, *see id.* at 4, his age, *see id.* at 9, his personal life, *see id.* at 9-10, his parenting and employment circumstances, *see id.*, the specific facts of the offenses, *see id.* at 10-11, and the pre-sentence report, *see id.* at 11-12.

Further, the sentencing court can meet its requirement to state the reasons for sentence simply by indicating that it has considered the pre-sentence report. *See Commonwealth v. Goodco Mechanical, Inc.*, 291 A.3d 378, 407 (Pa. Super. 2023). The mere fact that the sentencing judge reviewed a pre-sentence report creates a presumption that the sentencing judge meaningfully weighed the sentencing factors and we will not find an abuse of discretion. *See id*.

We also note that Gregory's repeated assertions that the sentencing court "double-counted" his prior record score does not appear to be based in facts on the record, the court notes his history and clearly considered it as is required.

After announcing the sentence, the court noted Gregory's extensive criminal history, his illegal possession of firearms, and that Gregory had taken no responsibility for his crimes. **See** N.T., 12/2/21, at 14. The court observed there was no evidence Gregory had a drug addiction. **See id.** Finally, the court indicated that if Gregory had been younger, the court might have imposed an even longer sentence since it was clear Gregory had not learned his lessons from prior convictions. **See id.** at 15.

Given the evidence presented at the hearing, and the court's review of the PSI, we find no abuse of discretion in these reasons for the sentence imposed.

Judgment of sentence for 18 Pa.C.S.A. § 3925(a) vacated. Judgment of sentence affirmed in all other aspects.

Judge Lazarus joins the memorandum.

Judge Stabile concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2023